UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE WOODS, #06359-089, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 09-CV-0749 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ERIC WILSON, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Petitioner George Woods ("Woods") is currently serving a nine-year sentence for his conviction of conspiracy to distribute cocaine in excess of five kilograms pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 21 U.S.C. § 843(b), and 21 U.S.C. § 846. (Wilson Exhibit A, ¶ 4). Woods is currently serving his sentence in the Chicago Metropolitan Correctional Center. *Id.* His projected release date is February 25, 2010. *Id.* The Bureau of Prisons ("BOP") recommended that Woods be placed in a halfway house for the last six months of his sentence. (Woods Petition, p. 5). When the BOP made this recommendation, the maximum allowable time that a prisoner could be placed in a halfway house was six months. *Id.*

On October 21, 2008, the "Second Chance Act" was enacted. Pub L. 110-199. The Second Chance Act enlarges the maximum time a prisoner may spend in a halfway house from six months to twelve months. (Woods Petition, pp. 5, 10). Following passage of the Second Chance Act, Woods sought reconsideration of his six-month

1

recommendation and requested twelve months' placement in a halfway house. (Wilson Response, p. 2). On November 26, 2008, the BOP denied Woods' request for an extended placement in a halfway house. (Woods Petition, p. 13). Now before this Court are Woods' requests for preliminary injunction and issuance of a writ of *habeas corpus* to grant him additional placement time in a halfway house.

## ANALYSIS

Woods first contends that a petition under 28 U.S.C. § 2241 is an appropriate method to request additional placement time in a halfway house. "Section 2241 provides a vehicle for attacking the execution, not the validity, of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991) ("*Atehortua*") (citing *Ford v. United States*, 627 F.2d 807, 813 (7th Cir. 1980)). "Parole litigation supplies a helpful analogy: a prisoner claiming a right to *release* on parole must use § 2241 . . . but a prisoner claiming that parole officials are apt to use incorrect rules when resolving a future application must use the APA." *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004). ("*Richmond*").

In this case, Woods challenges the BOP's execution of their decision, contending that the BOP has not correctly used the criteria set forth in 18 U.S.C. § 3621(b) to determine his placement into a halfway house. By challenging the BOP's application of 18 U.S.C. § 3621(b), Woods is challenging the execution of the BOP's decision. Woods does not challenge the policy behind the BOP's decision, nor does Woods claim that the BOP is using incorrect rules. Woods has correctly brought his request for reconsideration of his halfway house placement.

Second, Woods contends that he has exhausted the administrative remedy process. "A common law exhaustion rule applies to [28 U.S.C.] § 2241." *Richmond*, at

2

604. "[A]lthough the common law [exhaustion requirement] allows of exceptions, the hurdle is high." *Id.* (citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) and *United States v. Roque-Espinoza*, 338 F.3d 724, 729 (7th Cir. 2003)). Woods maintains that he has exhausted his administrative remedies by appealing his placement request to the BOP Central Office in Washington, D.C. (Woods Petition, p. 11). Although Woods claims that he has appealed his request, he has not attached proof that an appeal was, in fact, sent to the BOP Central Office in Washington, D.C.

Respondent Warden Eric Wilson ("Wilson") contends that Woods did not exhaust his administrative remedies. Wilson contends that "Woods' final appeal was rejected because he failed to sign his appeal and because he failed to attach necessary documentation." (Wilson Response, pp. 6, 7). Wilson argues that because Woods' appeal was rejected on procedural grounds, Woods failed to exhaust his administrative remedies and forfeited his claim. *Id.* However, Wilson has failed to attach any documentation to support his contention that Woods' final appeal was rejected. Because neither Woods nor Wilson have produced any evidence to show whether administrative remedies have been exhausted, the issue of administrative-remedy exhaustion cannot be resolved at this time.

Woods lastly contends that he is entitled to the maximum twelve-month placement in a halfway house pursuant to the criteria set forth in 18 U.S.C. § 3621(b). (Woods Petition, p. 10). Under the Second Chance Act, inmates who were previously approved for release to a halfway house prior to the Act's effective date are entitled to have their placement reconsidered using the standards set forth in 18 U.S.C. § 3621(b). (Wilson exhibit 1, p. 4). "The Bureau [of Prisons] has great discretion in deciding when

to place a prisoner in a halfway house." *Tristano v. Federal Bureau of Prisons*, 2008 WL 3852699, at 1 (W.D. Wis. 2008) ("*Tristano*"). BOP staff must ensure that halfway-house placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). The BOP must ensure that placement in a community correctional facility is "conducted in a manner consistent with section 3621(b)." 18 U.S.C. § 3624(6)(A). "Although the [Bureau of Prisons] is required to consider several factors in making that determination, the statute [18 U.S.C. § 3621(b)] does not prescribe any circumstances under which transfer to a halfway house (or any other particular facility) is required." *Tristano*, at 1. "If the [Bureau of Prisons] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." *Id* (citing 5 U.S.C. § 706). Halfway house placement decisions must be made on an individual basis in each inmate's case using the following five-factor criteria from 18 U.S.C. § 3621(b). (Wilson Exhibit 1, p. 3).

The five-factor criteria set forth in 18 U.S.C. § 3621(b) are:

(1) The resources of the facility contemplated;

(2) The nature and circumstances of the offense;

(3) The history and characteristics of the prisoner;

(4) Any statement by the court that imposed the sentence —

　　(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

　　(B) recommending a specific type of penal or correctional facility as appropriate; and

(5) Any pertinent policy statements issued by the United States Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

4

Woods argues that he meets all criteria enumerated in 28 U.S.C. § 3621(b), and is therefore "entitled to a 12 month recommendation, pending availability in a halfway house." (Woods Response, p. 3). However, the BOP feels otherwise. The BOP has recommended that Woods be placed in a halfway house for six months pursuant to the criteria set forth in 18 U.S.C. § 3621(b). (Wilson Exhibit A, ¶ 24). The BOP reasoned that the characteristics and history of the prisoner, namely having had a series 100 Incident Report, weighs against any recommendation beyond six-month halfway house placement pursuant to 18 U.S.C. § 3621(b)(3). (*Id.*, at ¶ 21). The BOP has also stated that the resources of the contemplated facilities cannot accommodate an extended stay for Woods pursuant to 28 U.S.C. § 3621(b)(1). (*Id.*, at ¶ 23). The BOP believes that a six-month placement in a halfway house is sufficient to provide the greatest likelihood of successful reintegration into the community in accordance with 18 U.S.C. § 3624(c)(6)(C) because Woods has obtained his GED, is goal oriented, and has "specialized training in the work he wishes to pursue after release." (*Id.*, at ¶ 20). Further, Woods has a place to live after release and does not have any significant health problems. *Id.*

Though Woods was granted a six-month stay in a halfway house when the maximum placement time was limited to six months, that does not mean that he is now entitled to twelve months. The BOP has recommended Woods for a six-month placement in a halfway house pursuant to the criteria set forth in 18 U.S.C. § 3621(b). The BOP has supported its decision using the criteria in 18 U.S.C. § 3621(b). Though Woods disagrees with the BOP's decision, it has not been shown that the BOP's decision

was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Therefore, this Court cannot alter the BOP's decision.

## CONCLUSION

Though Woods has properly brought his action pursuant to 28 U.S.C. § 2241, it has not been shown that the BOP's decision to limit Woods' halfway house placement time to six months was improper. Therefore, Woods' requests for a writ of *habeas corpus* or preliminary injunction pursuant to 18 U.S.C. § 2241 are denied.

Date: August 19, 2009

JOHN W. DARRAH
United States District Court Judge